UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10306-RGS

UNITED STATES OF AMERICA

v.

VINCENT GOMES

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO ALTER, AMEND,
OR VACATE JUDGMENT

July 6, 2009

STEARNS, D.J.

Petitioner Vincent Gomes's letter of June 11, 2009, addressed to the court, will be docketed as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion is based on a recent amendment to the United States Sentencing Guidelines retroactively authorizing a two-level reduction of the base offense score for offenses involving cocaine base (crack cocaine).[1]

On April 30, 2008, the court sentenced Gomes as follows:

Counts 1 & 7: 120 months; Counts 3, 5, 6: 60 months, concurrent with each other and concurrent with Counts 1 & 7, for a total sentence of 120 months.

See Judgment of May 8, 2008. The referenced counts as appearing in the indictment are as follows:

---

[1] Amendment 706 modified the guidelines ranges applicable to crack cocaine offenses; it has the general effect of "decreas[ing] by two levels the [crack cocaine] base offense levels." United State v. Wise, 515 F.3d 207, 219 (3d Cir. 2008). On December 11, 2007, the Sentencing Commission added Amendment 706 to the list of amendments set out in U.S.S.G. § 1B1.10(c) that may be applied retroactively (effective March 3, 2008).

1.  Conspiracy To Distribute And To Possess With Intent To Distribute Cocaine, 21 U.S.C. § 846

3.  Distribution And Possession Of Cocaine With Intent To Distribute Cocaine, 21 U.S.C. § 841(a)(1)

5.  Distribution And Possession Of Cocaine With Intent To Distribute Cocaine, 21 U.S.C. § 841(a)(1)

6.  Distribution And Possession Of Cocaine With Intent To Distribute Cocaine, 21 U.S.C. § 841(a)(1)

7.  Distribution And Possession Of Cocaine With Intent To Distribute Cocaine, 21 U.S.C. § 841(a)(1)

In adopting the Pre-Sentence Report, the court found Gomes responsible for the distribution and possession with intent to distribute of 2,802 grams of powder cocaine and 277 grams of cocaine base.  A ten-year mandatory minimum sentence applied to both Count 1 (conspiracy) and Count 7 (distribution of cocaine base) of the indictment.  Consequently, the court has no authority (even were it so inclined) to reduce Gomes's mandatory sentence of 120 months (which was imposed concurrently on Counts 1 and 7).[2]  See United States v. Ganum, 547 F.3d 46, 47 (1st Cir. 2008).

Moreover, as the wording of § 3582(c)(2) makes clear, a defendant is not eligible for a sentence reduction where Amendment 706 does not have the effect of lowering his Guidelines range.  See United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009); United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008); United States v. McFadden, 523 F.3d 839, 840-841 (8th Cir. 2008) (per curiam).  Here, the combined total weight of the powder

---

[2]Gomes's Guidelines range was 121-151 months in light of the adjusted offense level of 32 and a Criminal History Category I.  The court accepted the parties' joint recommendation of the mandatory 120-month sentence, although it fell one month under the Guideline minimum.

cocaine and cocaine base attributable to Gomes, even when calculated under the Amendment, yields no change in the base offense level of 32. The new calculation is as follows. A cocaine base - marihuana equivalency of 1 gram equals 20 kg yields a sum of 5,540 kg (reflecting the 277 grams of cocaine base). To this is added a 560 kg marihuana equivalency reflecting the 2,802 grams of powder cocaine. This yields a total equivalency of 6,100 kg, which results in a base offense level of 34. When 2 levels are subtracted pursuant to Amendment 706, the end result is a base offense level of 32.

## ORDER

For the foregoing reasons, the motion to reduce sentence is DENIED. The Clerk will docket this decision with a copy of Gomes's letter.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE